| People v Trump |
| :---: |
| 2024 NY Slip Op 32134(U) |
| June 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Indictment No. 71543-23 |
| Judge: Juan M. Merchan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 59

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>- against –<br><br>DONALD J. TRUMP<br><br>Defendant | **DECISION and ORDER**<br><br>Defendant's Motion to<br>Terminate Order Restricting<br>Extrajudicial Statements<br><br>Indictment No. 71543-23 |

JUAN M. MERCHAN, A.J.S.C.:

## BACKGROUND

On February 22, 2024, the People filed a motion for an order restricting extrajudicial statements by the Defendant. He opposed the motion on March 4, 2024. The Court granted the People's motion on March 26, 2024 (hereinafter "March 26 Order"). The Order directed Defendant to refrain from:

a. Making or directing others to make public statements about known or reasonably foreseeable witnesses concerning their potential participation in the investigation or in this criminal proceeding;

b. Making or directing others to make public statements about (1) counsel in the case other than the District Attorney, (2) members of the court's staff and the District Attorney's staff, or (3) the family members of any counsel or staff member, if those statements are made with the intent to materially interfere with, or to cause others to materially interfere with, counsel's or staff's work in this criminal case, or with the knowledge that such interference is likely to result; and

c. Making or directing others to make public statements about any prospective juror or any juror in this criminal proceeding.

On March 28, 2024, the People filed a motion seeking to clarify whether the Order of March 26 "protects family members of the Court, the District Attorney, and all other individuals mentioned in the Order." People's Supplemental Filing Regarding the Court's March 26, 2024, Order Restricting Extrajudicial Statements at pg. 1. Defendant opposed the People's motion on March 29, 2024. Thereafter, on April 1, 2024, this Court issued a Decision and Order (hereinafter "April 1 Order") clarifying and amending the March 26 Order to the extent that Paragraph (b), now directed the Defendant to refrain from:

> b. Making or directing others to make public statements about (1) counsel in the case other than the District Attorney, (2) members of the court's staff and the District Attorney's staff, or (3) the family members of any counsel, staff member, the Court or the District Attorney, if those statements are made with the intent to materially interfere with, or to cause others to materially interfere with, counsel's or staff's work in this criminal case, or with the knowledge that such interference is likely to result;

On April 8, 2024, Defendant filed an Article 78 petition pursuant to CPLR § 7803(2) by Order to Show Cause seeking an interim stay of the trial proceedings pending a resolution of Defendant's challenge to the April 1 Order. Specifically, Defendant argued that: "[t]he unconstitutional features of the gag order are causing ongoing, irreparable harm to Petitioner and the voting public under the New York and U.S. Constitutions." *See* April 8, 2024, Summary Statement of Application for Expedited Service and/or Interim Relief. On April 10, 2024, the Appellate Division – 1st Department heard oral argument on Defendant's request for an interim stay of the trial and that application was denied.

On April 15, 2024, jury selection commenced.

On April 23, 2024, a full panel of the Appellate Division – 1st Department denied Defendant's applications for a stay of the trial and, in the alternative, a stay of the April 1 Order.

On May 14, 2024, the Appellate Division issued its decision on the merits of the Article 78 petition and denied the relief sought by Defendant. More specifically, it held that Defendant's First Amendment Rights had been "properly weighed against the court's historical commitment to ensuring the fair administration of justice in criminal cases, and the right of persons related to

2

tangentially related to the criminal proceedings from being free from threats, intimidation, harassment, and harm." *See In the Matter of Donald J. Trump v. The Honorable Juan M. Merchan*, etc., et al., 227 AD3d 518 (2024). Thus, this Court's Decision and Order was upheld.

On May 30, 2024, Defendant was convicted of 34 counts of Falsifying Business Records in the First Degree in violation of Penal Law § 175.10 after a trial by jury. Thereafter, the jury was discharged, and the case was adjourned to July 11, 2024, for sentencing.

On June 4, 2024, the Defendant filed a pre-motion letter seeking to terminate the March 26 Order as amended by the April 1 Order. On June 10, 2024, Defendant filed a memorandum of law in support of his motion. On June 20, 2024, the People filed their opposition to Defendant's motion to terminate. In the interim, on June 18, 2024, the Court of Appeals dismissed Defendant's appeal finding that no substantial constitutional question was directly involved. *Matter of Donald J. Trump v. Juan M. Merchan, etc., et al.*, 2024 WL 3032559.

## DISCUSSION

The Defendant seeks (1) termination of the April 1, 2024, Order Restricting Extrajudicial Statements ("April 1 Order")[1] and (2) that the Court revisit the necessity and constitutionality of the April 1 Order. *See* Defendant's Memo pgs. 12-13. The main thrust of Defendant's argument is that the Orders were implemented specifically to protect the integrity of the trial proceedings and that because the trial is over, the Orders are no longer necessary. *Id.* at 11. Specifically, Defendant notes that Paragraph (a) of the Orders prohibits statements concerning witnesses' "potential participation in the investigation or in this criminal proceeding" and that since the trial has concluded, the purpose of the Orders have been satisfied. *Id.* Defendant further argues that the same reasoning applies to Paragraph (c) of the Orders regarding jurors. Finally, the Defendant makes numerous arguments in support of his second request, that the Court "revisit the necessity and constitutionality of the April 1 Order." However, this Court need not address that claim as the Court of Appeals has already determined that no substantial constitutional question is raised by the April 1 Order.

The People do not oppose termination of paragraph (a) pertaining to witnesses. However, the People do oppose termination of Paragraphs (b) and (c). Specifically, the People submit that the proceedings have not yet concluded with respect to the persons referenced in paragraph (b), namely

---

[1] In the Introduction section of Defendant's Memo, the Defendant seeks immediate termination of both the March 26 Order and April 1 Order. For clarity in the Discussion section of this Decision, the Court will refer to each of the orders collectively as "Orders," and will specify each individual Order where necessary.

3

the prosecution, court staff and their families. Thus, termination at this juncture would be premature. With respect to persons referenced in paragraph (c), namely jurors, the People submit that the Court should continue the restrictions on extrajudicial statements as proscribed by the Orders notwithstanding that the jury has been discharged.

## DECISION

The basis for the issuance of the Orders was to protect the integrity of the judicial proceedings. As this Court recognized in its Order of April 1, 2024, "the threats to the integrity of the judicial proceeding are no longer limited to the swaying of minds, but also to the willingness of individuals, both private and public, to perform their lawful duty before this Court." Decision and Order dated April 1, 2024, p. 2. Both Orders were narrowly tailored to address the significant concerns regarding the Defendant's extrajudicial speech. The Orders were overwhelmingly supported by the record, and it was upon that record that the Appellate Division First Department and the New York Court of Appeals kept the Orders intact. However, circumstances have now changed. The trial portion of these proceedings ended when the verdict was rendered, and the jury discharged. Therefore, Paragraph (a) is terminated without opposition by the People. As to Paragraph (c), while it would be this Court's strong preference to extend those protections, the Court cannot do so on what is now a different record than what the appellate courts relied upon when they rendered their rulings. Therefore, Paragraph (c) must be terminated. Nonetheless, there is ample evidence to justify continued concern for the jurors. Therefore, the protections set forth in this Court's Protective Order of March 7, 2024, Regulating Disclosure of Juror Information will remain in effect until further order of this Court.

Regarding Paragraph (b), this Court notes that while witness testimony has concluded, a verdict has been rendered, and the jury discharged - the proceedings are not concluded. This matter has been set down for the imposition of sentence on July 11, 2024. Until sentence is imposed, all individuals covered by Paragraph (b) must continue to perform their lawful duties free from threats, intimidation, harassment, and harm.

4

THEREFORE, it is it is hereby

**ORDERED**, that Paragraph (a) and Paragraph (c) of the Orders Restricting Extrajudicial Statements of the Defendant are terminated effective the date of this Decision and Order, and it is further

**ORDERED**, that Paragraph (b) of the April 1, 2024, Decision and Order restricting extrajudicial statements of the Defendant shall remain in effect until the imposition of sentence.

The foregoing constitutes the Decision and Order of the Court.

Dated: June 25, 2024
New York, New York

**JUN 2 5 2024**

Juan M. Merchan
Judge of the Court Claims
Acting Justice of the Supreme Court

**HON. J. MERCHAN**

5